Estelle Vacos and Angeline Vacos, a Minor, by Estelle Vacos, Her Mother and Next Friend, or in the Alternative, Estelle Vacos, For Use of Angeline Vacos, a Minor, and Estelle Vacos, Plaintiffs-Appellants, v. La Salle Madison Hotel Company, a Corporation, Operating the La Salle Hotel, and The Hour Glass, Defendant-Appellee.

Gen. No. 47,692.

First District, Third Division.

April 22, 1959.

Released for publication June 22, 1959.

Ritsos & Ritsos, and George A. Bosomburg, all of Chicago (G. A. Bosomburg and Peter Ritsos, of counsel) for plaintiffs-appellants.

Heineke, Conklin & Schrader, of Chicago, for defendant-appellee.

JUSTICE BURKE delivered the opinion of the court.

Estelle Vacos seeks to recover from her employer under Section 14 [Ill. Rev. Stats. ch. 43] of the Dramshop Act for injuries received while working as an employee in the cocktail lounge operated by it. Angeline Vacos, a minor, seeks to recover for loss of means of support claimed to have been sustained because of the injury to her mother. The court sustained defendant's motion to dismiss the amended complaint and gave judgment against the plaintiffs, who appealed to the Supreme Court on the ground that the case involved the construction of the state and federal constitutions. That court transferred the case because no fairly debatable constitutional question was presented by the record.

The first count of the complaint, the well-pleaded allegations of which are admitted by defendant's motion, avers that on January 29, 1957, the defendant owned and operated a hotel and in connection therewith owned, operated and controlled a retail alcoholic liquor dispensing establishment subject to the provisions of the Dramshop Act; that Estelle Vacos was lawfully in the tavern premises,

570

employed by the defendant as a waitress; that she exercised due care and caution for her safety; and that then and there defendant's agents sold and gave intoxicating liquors to two persons causing their intoxication, who, while so intoxicated, engaged in a scuffle, fight or brawl and fell against her, causing severe injuries. The complaint further avers that she did not contribute to the intoxication of the persons, and that the defendant "as owner of said real estate knowingly permitted the occupation of said premises for the dispensing or sale of intoxicating liquor within the provisions of the Dramshop Act." The second count of the complaint, on behalf of Angeline Vacos, age five years, further alleges that this plaintiff was totally dependent upon her mother, the other plaintiff, for care and means of support, and that as a proximate result of the injuries sustained by her mother the child sustained damages to her property and means of support. The mother asks damages of $15,000 and the child of $20,000.

Plaintiffs maintain that Section 14 of the Dramshop Act and Section 5 of the Workmen's Compensation Act be so construed that neither operates as a repeal of the other. They argue that Section 14 of the Dramshop Act makes the operator of the dramshop and the owner of the real estate where the dramshop is operated and where third party tort feasors become wholly or partly intoxicated, liable to every person injured or who loses her means of support, and that the legislature did not intend to exclude employers of injured persons "in case such employers happen to be the operators of the dramshop or the owners of the real estate."

■ Estelle Vacos was an employee of the defendant and her injuries arose out of and in the course of her employment. Section 5(a) [Ill. Rev. Stats. 1957, ch. 48, § 138.5] of the Workmen's Compensation Act, in effect at the time plaintiffs were injured, pro-

vides that no common law or statutory right to recover damages for injury or death sustained by an employee while engaged in the line of duty as such employee, other than the compensation therein provided, shall be available to any employee who is covered by the provisions of the Act, or to anyone wholly or partly dependent upon such employee. The clear language of this section bars any right of either plaintiff to recover. The rights created by the Dramshop Act are statutory rights and are not available to the plaintiffs. Estelle Vacos's exclusive remedy against the employer lies under the provisions of the Workmen's Compensation Act. Because Angeline Vacos claims to be wholly or partly dependent on her mother, Angeline's claimed cause of action is barred by the express language of Section 5(a) of the Workmen's Compensation Act. We are of the opinion that the views of the Supreme Court expressed in Gannon v. Chicago M. & St. P. Ry. Co., 13 Ill.2d 460, are applicable to the factual situation in the case at bar.

Plaintiffs urge that the word "may" employed in the last paragraph of Sec. 5(b) of the Workmen's Compensation Act be construed as synonymous with "shall" or "must," imposing a mandatory obligation on the employer to institute proceedings. The construction of this paragraph has no pertinency to any issue in the case. Plaintiffs in their complaint do not charge the defendant with any nonfeasance in suing the third parties. There is nothing in the context of the paragraph or the section which suggests that the word "may" shall be read to mean "must" or "shall." The paragraph means that if the employer in due time chooses to seek recovery of damages against a third party, he may do so.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

FRIEND, P. J. and BRYANT, J., concur.